Jack K. WILBORN, Plaintiff–Appellant

v.

AMERICAN EXPRESS GROUP DISABILITY PLAN; Does 1–5 inclusive, Defendants–Appellees

No. 99–55575.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2000.

Decided Jan. 16, 2001.

---

Before T.G. NELSON, W. FLETCHER, Circuit Judges, and REED *, District Judge.

## MEMORANDUM **

Plaintiff–Appellant Jack K. Wilborn's ("Appellant") Long Term Disability ("LTD") benefits from American Express were terminated by Metropolitan Life Insurance Company ("MetLife") and this decision was upheld by the American Express Benefits Appeal Review Committee ("BARC"). The basis of MetLife's decision was that Appellant was not so disabled that he could not "perform any gainful occupation" for which he was "reasonably suited" as required in the LTD benefits plan. Appellant appeals from the District Court's entry of summary judgment in favor of American Express. We reverse the District Court's grant of summary judgment and remand the case to the District Court with instructions to remand in turn to BARC to conduct a full and fair review of Appellant's claim.

We do not analyze which standard of review applies in this case, because at oral argument Appellant conceded that the standard of review for purposes of appeal should be abuse of discretion. Thus we need only review whether the district court

* Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

** This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

properly applied that standard. We hold that it did not.

■■■ A court will find an abuse of discretion when the plan administrator made a decision without any explanation, in a way that conflicts with the plain language of the plan, or a decision based upon clearly erroneous findings of fact. *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1323–24 (9th Cir.1995). A plan administrator's decision is not clearly erroneous just because it is contrary to evidence in the record. *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1473 (9th Cir.1994). A finding of clear error requires a court to possess a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Products of Cal. Inc. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993). A decision should be upheld if it was "based upon a reasonable interpretation of the plan's terms and was made in good faith." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 405 (9th Cir.1997)(quoting *MacDonald v. Pan American World Airways Inc.*, 859 F.2d 742, 744 (9th Cir.1988)).

■■ In this case, BARC, operating under the mistaken belief that it had no authority to change MetLife's decision, did not exercise any discretion in Appellant's case. Therefore, BARC did not fulfill its fiduciary duties, and "no discretion was exercised by the body given the authority under the terms of the plan." *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1388 (9th Cir.1994).

This mistake on the part of BARC constitutes a failure to provide Appellant with a "full and fair review" as required by ERISA. 29 U .S.C. § 1133(2).

According to the letter sent to Appellant by Mr. Johnson on behalf of BARC, "the Long Term disability benefit is an insured plan, meaning that all claim determinations made by Metropolitan Life are final and American Express has no contractual rights to change their decisions." (ER 14).

However, in his deposition, Mr. Johnson indicates that the plan covering Appellant was actually a self-insured plan, in which case American Express had the authority and responsibility to review MetLife's decisions. (ER 279). The district court found it dispositive that Appellant presented no evidence about how the mistake "wrongfully affected BARC's review process in any manner." (ER 11).

We find that, in contrast to the district court's determination, Appellant has presented evidence to demonstrate that the mistake on the part of BARC affected the review of his benefits termination. The deposition of Mr. Johnson demonstrates that BARC made a critical mistake in its decision about Appellant's benefits. The committee was under the impression that Appellant's plan was an insured plan, and BARC had no power to change the determination of MetLife. (ER 279–283). Instead, Appellant's self-insured plan reserved to BARC the authority and responsibility to review MetLife's decisions. Operating with this misunderstanding, BARC did not properly review MetLife's decision to terminate Appellant's benefits. Although BARC was in possession of the additional evidence submitted by Appellant, and although the committee may have looked at the evidence, BARC did not review the claim as required by ERISA, because it believed it had no power to change MetLife's decision.

We decline to accept the reasoning by Mr. Johnson on behalf of BARC that Appellant's benefits would have been terminated even if BARC had reviewed the

claim with the proper authority and responsibility.

Because BARC abrogated its fiduciary responsibilities to Appellant and abused its discretion, we reverse the district court's entry of summary judgment. The case is remanded to the district court with instructions to remand, in turn, to BARC to enable it to afford Wilborn a full and fair review of his benefits termination. REVERSED AND REMANDED.

